# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0111V
Filed: July 25, 2023

```
*  *  *  *  *  *  *  *  *  *  *  *  *
CAMILA WAGNER,                        *      UNPUBLISHED
                                      *
              Petitioner,             *
                                      *
v.                                    *      Attorneys' Fees and Costs
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Emily Beth Ashe*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Megan Murphy,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 31, 2020, Camila Wagner ["Ms. Wagner or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barré Syndrome ("GBS"), Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), and other subsequent severe injuries after receiving the influenza ("flu") vaccination on October 3, 2017. Stipulation, filed August 24, 2022, at ¶¶ 1-4. On August 24, 2022, the parties filed their joint stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 59).

On February 22, 2023, petitioner filed an application for final attorneys' fees and costs.

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

("Fees App.") (ECF No. 64). Petitioner requests total attorneys' fees and costs in the amount of $36,714.35, representing $34,935.50 in attorneys' fees and $1,778.85 in costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner states she has not personally incurred any costs associated with the prosecution of his petition. Fees App. Ex. 3. Respondent responded to the motion on February 28, 2023, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2 (ECF No. 65). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.      Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees

to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Emily Ashe, $290.00 per hour for time billed in 2019, $310.00 per hour for time billed in 2020, $330.00 per hour for time billed 2021, $350.00 per hour for time billed in 2022, and $370.00 per hour for time billed in 2023; for Mr. Lawrence Cohan, $450.00 per hour for time billed in 2019; for Mr. Gregory Spizer, $380.00 per hour for time billed in 2019 and $400.00 per hour for time billed in 2020; and for Ms. Miriam Barish, $380.00 per hour for time billed in 2021 and $400.00 per hour for time billed in 2023. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable for work performed in the instant case.

## B.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion

---

[3] The 2015-2023 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be largely reasonable. However, the undersigned has reviewed the billing entries and finds that a small reduction must be made for paralegals billing for clerical tasks such as paying invoices, saving documents, and excessive time calendaring dates (e.g., billing entries on 12/13/19, 3/17/20, 10/5/21, 11/5/21, 8/9/22 among many others). Upon review, a reasonable reduction for this issue is $400.00 in order to achieve "rough justice." *See Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at \*5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $34,535.50.

## C.     Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,778.85 in costs for acquisition of medical records, the Court's filing fee, and postage. Fees App. Ex. 2. The undersigned finds these costs reasonable and supported with adequate documentation. Accordingly, petitioner is entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $36,314.35, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ms. Emily Ashe.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).